UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:15-cv-05719-SB-RAO | Date: | July 22, 2022 |
|---|---|---|---|

| Title: | Wayne Fishback v. Michael D. Antonovich et al. |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Mainak D'Attaray | Daniel Lucas |
| | Renee Jensen |
| | William Woodland |

**Proceedings:** [Minutes] STATUS CONFERENCE AND ORDER TO SHOW CAUSE

    Case called and appearances made. A Case Management Order will issue separately.

    The Court ordered Plaintiff to show cause (OSC) why this case should not be dismissed for lack of prosecution due to his failure to appear at the July 8, 2022 status conference and other concerns about Plaintiff's and his counsel's participation in this action. Dkt. No. 87. The concerns have increased since the OSC was issued: Plaintiff's counsel failed to attend a mandatory Rule 26(f) meet-and-confer, Dkt. No. 88; Plaintiff improperly submitted a separate—rather than a joint—Rule 26(f) report, Dkt. No. 89; Plaintiff's counsel filed an untimely motion to appear remotely at today's hearing, Dkt. No. 94; and Plaintiff's counsel was initially unprepared to appear by videoconference at today's hearing, Dkt. No. 95.

In his response to the OSC, Dkt. No. 90, Plaintiff's counsel explained that he is a sole practitioner who faced an exceptionally busy period. This explanation does not justify the repeated lapses in counsel's exercise of his professional responsibilities. The conduct in this case warrants the imposition of sanctions. However, the Court has elected to admonish rather than sanction counsel for two reasons. First, counsel has apologized and has committed to ensuring future compliance with all obligations in this case. Second, counsel represented that his misconduct in this case is uncharacteristic of his general performance, and that he has never been sanctioned or threatened with sanctions for failing to comply with court rules or orders.

Thus, the Court **discharges** the OSC and **admonishes** Plaintiff's counsel to comply with all rules and court orders in the future. In the event that another OSC is issued to address misconduct on the part of Plaintiff or his counsel, this admonition will be considered in determining the appropriate level of sanctions, which may include dismissal, monetary sanctions, and/or referral to the state bar. *Plaintiff's counsel is ordered to disclose this admonition in response to any OSC issued in this case against Plaintiff and/or his counsel. Failure to disclose will be deemed an aggravated violation of a court order*.

Finally, the Court also addressed the issue of Plaintiff's counsel's difficulties in communicating with his client. While the Court is sympathetic to Plaintiff's transient status (which results in his not always having good cellular service), Plaintiff has filed this lawsuit and is obliged to diligently prosecute it. This requires that Plaintiff coordinate with his counsel to allow for timely communication as necessary to support the prosecution. *Plaintiff is advised that the lack of diligent prosecution of this case caused by his failure to timely communicate with his counsel may result in the dismissal of this action with prejudice*.

**IT IS SO ORDERED**.

:16